NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCOS DAVI ATAIDES GAMA;
ELIZABETH ALVES RIBEIRO GAMA;
FILLIPE RIBEIRO GAMA; RAFAEL
RIBEIRO GAMA,

No. 24-3449

Agency Nos.
A220-331-603
A220-939-995
A220-939-996
A220-939-997

Petitioners,

v.

MEMORANDUM[*]

PAMELA BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2025[**]
San Francisco, California

Before: S.R. THOMAS and LEE, Circuit Judges, and SILVER, District Judge.[***]

Marcos Davi Ataides Gama, his wife, and two sons, natives and citizens of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

Brazil, petition for review of the Board of Immigration Appeals' (BIA) decision dismissing their appeal of an Immigration Judge's (IJ) denial of their applications for asylum and withholding of removal. "Where, as here, the BIA conducted its own review of the evidence and law," we limit our review "to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Zumel v. Lynch*, 803 F.3d 463, 471 (9th Cir. 2015) (citation and internal quotation marks omitted). We review for substantial evidence an agency's factual determinations related to a government being unable or unwilling to protect a petitioner. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020). We have jurisdiction under 8 § U.S.C. 1252, and we deny the petition.

1.      Substantial evidence supports the BIA's determination that the petitioners failed to establish eligibility for asylum and withholding of removal. Asylum and withholding of removal require a petitioner to show that the persecution was or would be committed by the government or by forces that the government was unable or unwilling to control.[1] *See Velasquez-Gaspar*, 976 F.3d at 1064–65. The petitioners did not demonstrate that the Brazilian government was unable or unwilling to protect them from persecution. While Ataides Gama reported to the

[1] The petitioners also contend that the BIA erred by determining that the past harm they suffered did not rise to the level of persecution. But we need not address the issue because the BIA concluded that the Brazilian government was not unwilling or unable to protect them from persecution. This finding is independently dispositive of the petitioners' applications for asylum and withholding of removal.

police that he heard threats shouted outside of his home, he was unable to provide the police with any identifying information about the people threatening him. And Ataides Gama never reported any of the threatening phone calls he received. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069 (9th Cir. 2017) (holding that "[w]hether a victim has reported or attempted to report violence or abuse to the authorities is a factor that may be considered" alongside other relevant record evidence "that bears on the question of whether the government is unable or unwilling to control a private persecutor"). The police's inability to investigate the threats without "sufficiently specific information to permit an investigation or an arrest" does not compel a finding that the government was unable or unwilling to protect the petitioners. *Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013).

2.    The BIA was "not required to make findings on issues the decision of which is unnecessary to the results" it reached. *I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976). The petitioners argue the BIA erred by failing to make a nexus determination. But because the BIA affirmed the IJ's dispositive finding of a lack of government acquiescence, the BIA needed to go no further.

**PETITION DENIED.**